IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CHRIS V. SMALLS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:15CV721–HEH |
| ) | |
| NEWPORT NEWS CIRCUIT COURT, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION
(Dismissing Without Prejudice 28 U.S.C. § 2254 Petition)

Petitioner, a Virginia state prisoner proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254. Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 .U.S.C. § 2254(b)(1)(A). "As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citations

omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

Petitioner indicates he currently has an appeal pending before the Court of Appeals of Virginia. (§ 2254 Pet. 2.) Thus, the record fails to indicate that Petitioner has properly exhausted his state court remedies.

Accordingly, by Memorandum Order entered on February 23, 2016, the Court directed Petitioner to show cause, within eleven (11) days of date of entry thereof, as to why his § 2254 Petition should not be dismissed for lack of exhaustion. Petitioner has not responded.

Petitioner fails to demonstrate he has exhausted his state remedies. Moreover, the issues here may be resolved by collateral appeal. Petitioner fails to demonstrate any exceptional circumstances warrant the consideration of his habeas petition at this time. Accordingly, Petitioner's § 2254 Petition and the action will be DISMISSED WITHOUT PREJUDICE. The Court will deny a certificate of appealability.

An appropriate Order shall accompany this Memorandum Opinion.

                                                 /s/
                                      Henry E. Hudson
Date: March 23, 2016            United States District Judge
Richmond, Virginia